UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 3:06-CR-00010-LRH (VPC) |
| ) | |
| vs. ) | |
| ) | ORDER |
| ESTEBAN MARTINEZ-LOPEZ, ) | |
| FELIX MARTINEZ-LOPEZ, ) | |
| DAVID MIGUEL RAMIREZ and ) | |
| ANGEL ABAD GARCIA, ) | |
| ) | |
| Defendants. ) | |

Presently before the court is defendant Felix Martinez-Lopez's Motion For Discovery (#16[1]) to which the government has filed a Response (#17). No reply was filed.

**I. Factual Background**

On January 9, 2006, Reno Police Department ("RPD") officers and Federal Bureau of Investigation ("FBI") agents arrested defendants Estaban Martinez-Lopez, Felix Martinez-Lopez, David Miguel Ramirez ("Ramirez") and Angel Abad Garcia ("Garcia") in connection with the robbery of a Nevada State Bank in Reno, Nevada. On March 1, 2006, a grand jury issued a Superceding Indictment charging defendant Esteban Martinez-Lopez and defendant Garcia with three counts of Armed Bank Robbery in violation of 18 U.S.C. § 2113(d). Defendant Felix

---

[1] Refers to the court's docket number.

Martinez-Lopez and defendant Ramirez were charged with two counts of Armed Bank Robbery in violation of the same statute.  In addition to the January 9, 2006, robbery of the Nevada State Bank, the Superceding Indictment also charged Defendants with the robbery of a Bank of America on December 31, 2005, and of a U.S. Bank on December 19, 2005.

**II. Discussion**

"Disclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of criminal justice." *Dennis v. United States*, 384 U.S. 855, 870 (1966).  In accordance with this recognized legal principle, Federal Rule of Criminal Procedure 16(a) provides the items the government must disclose upon a defendant's request.  Fed. R. Crim. P. 16(a); *see also* Wright, Federal Practice and Procedure: Criminal 3d § 252.  Pursuant to Rule 16(a), Defendant Felix Martinez-Lopez filed a Motion for Discovery (#16).  The government does not object to most of Defendant's requests and, in fact, had provided many of the requested items prior to the filing of the Motion.  As a result, the court will address only the requests that are in dispute.

Defendant first requests transcripts or recordings of his own statements.  Under Rule 16(a)(1)(A), upon Defendants's request, the government must disclose the substance of any relevant statement made by the defendant in response to interrogation by a government agent who plans to use the statement at trial.  Fed. R. Crim. P. 16(a)(1).  Although the government provided a compact disc containing a video interview of Defendant's post-arrest statements, Defendant also requests his recorded testimony before the grand jury.  While Rule 6 generally prohibits the disclosure of grand jury proceedings, Rule 16(a)(1)(B)(3) requires the government to disclose, upon a defendant's request, "defendant's recorded testimony before a grand jury relating to the charged offense."  Fed. R. Crim. P. 16(a)(1)(B)(3).  In the event that Defendant did testify before the grand jury, the court orders the government to provide a recording or transcript of Defendant's testimony.

Defendant's request "H" asks for witness statements in accordance with 18 U.S.C. § 3500 (the "Jencks Act") and Rule 26.2.  Although such statements are generally not available to

Defendant until after the government witnesses testify at trial, the government already provided such information. Defendant also requests government agents' rough notes of witness interviews. While an agent must preserve notes taken during an interview with a prospective government witness, *United States v. Harris*, 543 F.2d 1247, 1253 (9th Cir. 1976), the government does not have to disclose the notes as witness statements pursuant to the Jencks Act. *United States v. Alvarez*, 86 F.3d 901, 904 n.2 (9th Cir. 1996). The government does have to disclose the notes, however, under *Brady* if they contain material and exculpatory information. *Id.* To the extent that the notes contain material and exculpatory information, the court orders the government to produce them.

IT IS THEREFORE ORDERED that Defendant's Motion for Discovery is hereby GRANTED in part and DENIED in part in accordance with this Order.

IT IS SO ORDERED.

DATED this 28th day of June, 2006.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3